**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>MARS, INCORPORATED<br><br>    Defendant. | Civil Action No. 2:17-cv-00085-AWA-RJK |

**DEFENDANT MARS, INCORPORATED'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S INDUCED INFRINGEMENT
ALLEGATIONS AND TO STRIKE PLAINTIFF'S REQUEST
FOR A FINDING OF WILLFUL INFRINGEMENT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Mars, Incorporated ("Mars") moves to dismiss Plaintiff Symbology Innovations, LLC's ("Symbology") indirect infringement allegations and to strike Symbology's request for a finding of willful infringement from the Complaint (Dkt. No. 1) ("Complaint").[1]

**I.    FACTUAL BACKGROUND**

Symbology is a non-practicing entity formed in December 2014 under the laws of Texas. Shortly after formation, Symbology acquired a small family of patents and embarked on a cross-country litigation campaign that has now grown to more than 100 lawsuits. On January 3, 2017, Symbology filed lawsuits in this district against Mars and four other defendants, asserting

---

[1] Moving to dismiss claims of induced and willful infringement suspends the time to answer or otherwise respond to the remaining allegations in the Complaint. *See, e.g., Godlewski v. Affiliated Computer Serv., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002).

infringement of four patents from the acquired family (collectively, "the asserted patents"). The earliest possible priority date of the asserted patents is September 2010.

The asserted patents generally relate to the field of automatic identification and data capture (AIDC), and describe capturing an "image of symbology" using a camera on a "portable electronic device" and then decoding, processing, and displaying the resulting information. One example of "symbology" is a quick response or "QR" code, which is the code at issue in this case. QR codes are those familiar images found on advertisements and packaging, which allow the user to quickly access certain predetermined information by scanning the QR code. An example of a QR code for the Wikipedia page on QR codes is shown below:



QR code for the URL of the English
Wikipedia Mobile main page

The asserted patents are directed to detecting and processing "symbology" using a "portable electronic device," and not simply placing symbology on advertisements or packaging. Mars is a manufacturer of confectionery and certain food products; it does not make or sell any electronic devices or software for scanning QR codes.

AIDC technology (including bar codes) has been in development since the 1970's, and QR code technology has been around since at least 1994. So, not surprisingly, in at least one prior Symbology case, a defendant moved for early summary judgment of invalidity on the basis of numerous anticipatory prior art references supported by an expert report. But that court never addressed the merits of the motion, as Symbology quickly stipulated to dismissal of the case.

Nevertheless, the cited prior art is now in the public record and it paints a compelling picture of invalidity, which Mars will present to the Court should this case proceed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where a complaint fails to state a claim upon which relief can be granted, the claim should be dismissed under Rule 12(b)(6). *See id*. at 570. A 12(b)(6) motion tests the sufficiency of a complaint. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "To survive such a motion, the complaint must allege facts sufficient 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). Although the court should accept factual allegations as true, pleadings that merely offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ARGUMENT

### A. Symbology's Complaint Fails to State a Claim for Induced Infringement

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To plead a claim of induced infringement, Symbology had to allege facts plausibly showing that: (i) Mars "specifically intended their customers to infringe" the asserted patents; and (ii) Mars "knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) (induced infringement "requires knowledge that the induced acts constitute patent infringement"). Symbology's

induced infringement allegation is a single boilerplate sentence, which is repeated *verbatim* for each asserted patent and reproduced in its entirety below:

> On information and belief, Defendant has induced, and continues to induce infringement of the [asserted] patent through its customers' actions, at least as of the service of the present complaint.

Complaint ¶¶ 40, 58, 76, and 94.[2] This generic statement is not sufficient to give Mars fair notice of how it allegedly induced infringement. For example, the Complaint does not identify any specific "customer" or their so-called "actions." The Complaint likewise fails to provide any facts suggesting that Mars knew that those "customers' actions" might constitute infringement. To the contrary, Symbology admits that Mars only learned of the asserted patents "as of the service of the present complaint." *Id.* ¶¶ 31, 49, 67, and 85. And the Complaint does not even mention the word "intent," let alone allege that Mars specifically intended, or took any action to encourage, any of its unidentified "customers" to infringe. Certainly Symbology has not alleged any facts in its Complaint to support an inference that Mars knew of the patent or that it "actively and knowingly aid[ed] and abett[ed] another's direct infringement," as required to state a claim for induced infringement. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (quotation omitted).

Mars should not have to defend against labels and conclusions. Symbology's indirect infringement claims should be dismissed. *See Jenkins v. LogicMark, LLC*, Case No. 3:16-cv-751-HEH, 2017 U.S. Dist. LEXIS 10975, at *10-11 (E.D. Va. Jan. 25, 2017) (dismissing

---

[2] The same boilerplate "induced infringement" allegation appears in each Complaint filed by Symbology in four other actions in the Eastern District of Virginia involving the same patent at issue in this case. *See Symbology Innovations, LLC v. Continental Tire North America*, Case No. 2:17-cv-00084 (filed Jan. 3, 2017); *Symbology Innovations, LLC v. Lego Systems, Inc.*, Case No. 2:17-cv-00086 (filed Jan. 3., 2017); *Symbology Innovations, LLC v. CustomInk, LLC*, Case No. 2:17cv-00001 (filed Jan. 3, 2017); *Symbology Innovations, LLC v. Jasco Products Company, LLC* (filed Jan. 3, 2017).

allegations of induced infringement where plaintiff "failed to allege any facts to support his assertions"); *Intelligent Verification Systems v. Microsoft et al.*, Case No. 12-525-AWA-LRL, 2013 WL 12109895, at *3 (E.D. Va. Jan. 23, 2013) (Allen, J.) (granting motion to dismiss claims of induced infringement where Plaintiff "failed to allege facts from which the Court can infer that [Defendant] knew that it was inducing infringement").

### B. The Court Should Strike Symbology's Request for a Finding of Willful Infringement

The sole reference to willful infringement appears in the "Prayer for Relief" section of the Complaint, where Symbology asks the Court to enter "judgment for Plaintiff that Defendant's infringement is willful." *See* Complaint at page 17. To the extent this statement can be construed as an attempt to state a claim of willful infringement, that attempt fails.

The Supreme Court recently addressed the standard for willful infringement. In *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, the Supreme Court held that enhanced damages for willful patent infringement are limited to "egregious cases of misconduct beyond typical infringement." 136 S. Ct. 1923, 1935 (2016). Thus, to state a claim of willful infringement, the plaintiff at a minimum "must plead facts sufficient to support an inference 'plausible on its face' that the alleged conduct is of the egregious nature described in *Halo Electronics*." *Jenkins*, 2017 U.S. Dist. LEXIS 10975, at *11-13; *see also CG Tech. Dev., LLC v. Big Fish Games, Inc.*, Case No. 2:16-cv-00857, 2016 U.S. Dist. LEXIS 115594, at *43-44 (D. Nev. Aug. 29, 2016). Symbology's Complaint, however, does not identify any "egregious" conduct, or even suggest that any conduct by Mars rises to that level. Generically requesting a finding of willfulness in the prayer for relief simply cannot be sufficient to state a claim under Rule 12(b)(6). Mars respectfully requests that the Court strike the request for a finding of willful infringement from Symbology's "Prayer for Relief."

## IV. CONCLUSION

For the foregoing reasons, Mars respectfully requests that this Court dismiss Symbology's allegations of induced infringement and strike the request for a finding of willful infringement from the "Prayer for Relief" section of the Complaint.

Dated: April 6, 2017                                                                     MCDERMOTT WILL & EMERY LLP

                                                                  /s/ Mary D. Hallerman
Artem N. Sokolov
Mary D. Hallerman (Va. Bar. No. 80430)
McDermott Will & Emery LLP
500 North Capitol Street NW
Washington, D.C. 20001
Telephone:  (202) 756-8000
Facsimile:  (202) 756-8087
Email:  mhallerman@mwe.com,
asokolov@mwe.com

Sarah Chapin Columbia
McDermott Will & Emery LLP
28 State Street
Suite 3400
Boston, MA 02109
Telephone: (617) 535-4074
Facsimile: (617) 535-3800

*Attorneys for Defendant Mars, Incorporated*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Steven War
McNeely Hare & War LLP
5335 Wisconsin Avenue NW
Suite 440
Washington, DC 20015
Email: steve@miplaw.com

/s/ Mary D. Hallerman
Mary D. Hallerman (Va. Bar. No. 80430)
McDermott Will & Emery LLP
500 North Capitol Street NW
Washington, D.C. 20001
Telephone: (202) 756-8738
Facsimile: (202) 756-8087
Email: mhallerman@mwe.com