## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| **SYMBOLOGY INNOVATIONS, LLC,** | |
| **Plaintiff,** | |
| v. | **Case No. 2:17-cv-00085-AWA-RJK** |
| **MARS, INCORPORATED** | |
| and | **JURY TRIAL DEMANDED** |
| **JOHN DOE** | |
| **Defendants.** | |

### FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff Symbology Innovations, LLC ("Plaintiff" or "Symbology Innovations") files this first amended complaint ("FAC") against Defendants Mars, Incorporated ("Defendant" or "Mars") and John Doe for infringement of U.S. Patent Nos. 7,992,773 (the "'773 Patent", attached as Exhibit A), 8,424,752 (the "'752 Patent", attached as Exhibit B), 8,651,369 (the "'369 Patent", attached as Exhibit C) and 8,936,190 (the "'190 Patent", attached as Exhibit D) (collectively, the "Asserted Patents") and alleges as follows:

1.  This is an action for damages, attorney's fees, costs, and for further relief based on patent infringement under 35 U.S.C. § 271.

### PARTIES

2.  Plaintiff Symbology Innovations is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

3. On information and belief, Defendant Mars is a Delaware corporation with its principal office located at 6885 Elm Street, McLean, Virginia, 22101-6031.  Upon information and belief, Defendant may be served with process at the same address.

4. At this time, the name and address of Defendant John Doe could not be discovered through reasonable effort.  If, and when, the true name and address are discovered they will be inserted into the complaint by amendment.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq.  Plaintiff is seeking damages, as well as attorney fees and costs.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

7. The exercise of personal jurisdiction in the Commonwealth of Virginia is proper because acts giving rise to Plaintiff's cause of action have occurred in Virginia.  More specifically, Defendants have committed, and continue to commit, acts of infringement in the Commonwealth of Virginia, Defendant Mars has conducted business in the Commonwealth of Virginia, and/or has engaged in continuous and systematic activities in the Commonwealth of Virginia.  Defendant John Doe resides in this District.

8. Upon information and belief, Defendant Mars' instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Commonwealth of Virginia.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(a), 1391(b), 1391(c) and 1400(b) because Defendants are deemed to reside in this District and/or Defendants have committed acts of infringement in this District.

## ASSERTED PATENTS

### `773 Patent

10. On August 9, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued the `773 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device" after the USPTO completed a full and fair examination.

11. Symbology Innovations is currently the owner of the `773 Patent, having received all right, title and interest in, and to, the `773 Patent from the previous assignee of record.

12. Symbology Innovations possesses all rights of recovery under the `773 Patent, including the exclusive right to recover for past, present and future infringement.

13. The `773 Patent contains eighteen claims including three independent claims (claims 1, 12, and 15) and fifteen dependent claims.

14. The method claim of claim 1 of the `773 Patent comprises detecting symbology associated with an object, decoding the symbology to obtain a decode string, sending the decode string to at least one visual detection application residing on a portable electronic device, receiving a first amount of information about the object, sending the decode string to a remote server, receiving a second amount of information about the object, combining the first and second amounts of information to obtain cumulative information, and displaying the cumulative information on a display device that is associated with the portable electronic device.

### `752 Patent

15. On April 23, 2013, the USPTO duly and legally issued the `752 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device" after the USPTO completed a full and fair examination.

16. Symbology Innovations is currently the owner of the `752 Patent, having received all right, title and interest in, and to, the `752 Patent from the previous assignee of record.

17. Symbology Innovations possesses all rights of recovery under the `752 Patent, including the exclusive right to recover for past, present and future infringement.

18. The `752 Patent contains twenty-eight claims including three independent claims (claims 1, 17, and 24) and twenty-five dependent claims.

19. The method claim of claim 1 of the `752 Patent comprises capturing a digital image, detecting symbology associated with an object within the digital image, decoding the symbology to obtain a decode string, sending the decode string to a remote server, receiving information about the object based on the decode string, and displaying the information on a display device that is associated with the portable electronic device.

*`369 Patent*

20. On February 18, 2014, the USPTO duly and legally issued the `369 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Device" after the USPTO completed a full and fair examination.

21. Symbology Innovations is currently the owner of the `369 Patent, having received all right, title and interest in, and to, the `369 Patent from the previous assignee of record.

22. Symbology Innovations possesses all rights of recovery under the `369 Patent, including the exclusive right to recover for past, present and future infringement.

23. The `369 Patent contains twenty-eight claims including three independent claims (claims 1, 17, and 24) and twenty-five dependent claims.

24. The method claim of claim 1 of the `369 Patent comprises capturing a digital image, detecting symbology associated with the digital image using a portable electronic device, decoding the symbology to obtain a decode string, sending the decode string to a remote server, receiving

information about the digital image based on the decode string, and displaying the information on a display device that is associated with the portable electronic device.

*`190 Patent*

25. On January 20, 2015, the USPTO duly and legally issued the `190 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device" after the USPTO completed a full and fair examination.

26. Symbology Innovations is currently the owner of the `190 Patent, having received all right, title and interest in, and to, the `190 Patent from the previous assignee of record.

27. Symbology Innovations possesses all rights of recovery under the `190 Patent, including the exclusive right to recover for past, present and future infringement.

28. The `190 Patent contains twenty claims including three independent claims (claims 1, 17, and 20) and seventeen dependent claims.

29. The method of claim 1 of the `190 Patent comprises capturing a digital image, detecting symbology associated with the digital image using an electronic device, decoding the symbology to obtain a decode string, sending the decode string to a remote server, receiving information about the digital image based on the decode string, and displaying the information on a display device that is associated with the electronic device.

**BACKGROUND**

30. Defendant Mars advertises, displays, offers for sale, and sells products which include a Quick Response Code ("QR Code") on its packaging and/or on its associated printed media. Defendant Mars' Products, which display a QR Code on the packaging and/or its associated printed media, are referred to herein as "Selected Products", "selected products", or "accused products".

31. On information and believe, Defendant Mars has actively taken steps to obtain one or more QR Codes to display on Selected Products.

32. On information and belief, Defendant Mars expends resources to display QR Codes on the Selected Products and to maintain the infrastructure to ensure information is displayed when a QR Code is detected and processed.

33. On information and belief, Defendant Mars' sole purpose of displaying QR Codes on Selected Products is to permit potential customers, customers, and/or other individuals to detect the symbology included in the QR Codes displayed on Selected Products with a portable electronic device, to process the symbology contained within the QR Code, and for the potential customers, customers, and/or other individuals to obtain additional information related to the Selected Products.

34. On information and belief, potential customers, customers, and/or other individuals actually use portable electronic devices such as smart phones to detect symbology included in the QR Codes displayed on Selected Products, to process the symbology contained in the QR Codes, and to receive additional information related to the Selected Products.

35. Defendant John Doe has used a portable electronic device to detect symbology included in the QR Code displayed on Selected Products, process the symbology contained in the QR Code, and has received additional information related to the Selected Products.

36. On information and belief, potential customers, customers, and/or other individuals who use devices such as smart phones to detect the QR Codes, process the symbology contained in the QR Code, and receive additional information related to the Selected Products are direct infringers of the asserted claims of the patents-in-suit.

37. Defendant Mars designs advertisements and packaging for products sold in the United States.

## COUNT ONE
### (Infringement of United States Patent No. 7,992,773)

38. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 37, the same as if set forth herein.

39. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

40. Defendant Mars has knowledge of its infringement of the `773 Patent, at least as of the service of the initial complaint on February 14, 2017.

41. On information and belief, Defendant Mars has directly infringed and continues to infringe one or more claims of the `773 Patent, including (at least) Claims 1, 2, 3, 4, 6, 7, 8, 10, 11, 14, 15, 17, and 18 by detecting and processing Quick Response Codes ("QR codes") on printed media (*e.g.,* advertisements, packaging) associated with Selected Products (*e.g.,* Mars Products displaying QR Codes) in a manner covered by one or more claims of the `773 Patent.  Plaintiff reserves the right to amend the asserted claims for the `773 Patent during discovery.

42. Claims 1, 2, 3, 4, 6, 7, 8, 10, 11, 14, 15, 17, and 18 of the `773 Patent are referred to herein as the Asserted claims of the `773 Patent.

43. Accordingly, Defendant Mars has infringed, and continues to infringe, the Asserted Claims of the `773 Patent in violation of 35 U.S.C. § 271.

44. On information and belief, Defendant Mars has, at least through internal testing, detected and processed QR codes displayed in advertisements and packaging of Selected Products.

45. One specific example of Defendant Mars' activity involves the use of QR codes in printed advertisements and sales of Defendant's React 2$^{TM}$ Gum.

46. For example, on information and belief, Defendant Mars has at least internally tested the functionality of its QR codes in connection with the advertising and packaging of its React 2™ Gum.

47. On information and belief, Defendant Mars has captured a digital image of a QR code associated with such React 2™ Gum, an example of which is shown below and may be viewed at:

http://4.bp.blogspot.com/-UM_hsRJ3Yts/T42DPqcIr6I/AAAAAAAAACs/pW-iuBRXZZg/s1600/7.jpg



48. On information and belief, Defendant Mars induces consumers such as John Doe to detect and process QR codes imprinted on the packaging of Defendant Mars' products such as React 2™ Gum and other products sold to consumers.

49. Defendant John Doe is a direct infringer of the Asserted Claims of the `773 Patent.

50. Defendant Mars knowingly induces its customers such as John Doe to directly infringe the `773 Patent by continuing to display QR Codes on Selected Products after being served with the initial complaint in this matter.

51. Defendant Mars' specific intent to encourage others such as John Doe to infringe the `773 Patent can be inferred from Mars continuing to display QR Codes on Selected Products after being served with the initial complaint in this matter.

52. Defendant Mars' knowingly induced its customers such as John Doe and Mars' specific intent to encourage others such as John Doe to infringe the `773 Patent is also shown by Mars' "Step into the lab" invitation to customers and potential customers which is displayed adjacent to the QR Code on Selected Products.

53. Defendant Mars knew, or was willfully blind to the fact that, detecting and processing the QR Code on the Selected Products constituted infringement of the `773 Patent because Mars continued to sell and advertise its products using QR Codes even after it learned of the asserted patents and Mars' inducement of infringement when it received a copy of the initial complaint and Symbology's infringement contentions.

54. A comparison between Claim 1 of the `773 Patent illustrating the decoding and processing of the QR Codes and the subsequent display of information of Defendant Mars' advertisement for React 2$^{TM}$ Gum is provided in Exhibit E and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief.  Plaintiff reserves the right to amend this claim chart based on any additional information obtained.  Similar comparisons have been made between the other asserted claims of the `773 Patent and Defendant's advertisements for React 2$^{TM}$ Gum.

55. On information and belief, Defendant Mars has induced, and continues to induce infringement of the `773 Patent through its customers' actions, at least as of the service of the initial complaint on February 14, 2017.

56. The `773 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

57. By engaging in the conduct described herein, Defendants have injured Symbology Innovations and are thus liable for infringement of the `773 Patent, pursuant to 35 U.S.C. § 271.

58. Defendants have committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `773 Patent, without license or authorization.

59. As a result of Defendants' infringement of the `773 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

60. Plaintiff is in compliance with 35 U.S.C. § 287.

61. As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement of the `773 Patent up until the date that Defendants cease their infringing activities.

## COUNT TWO
### (Infringement of United States Patent No. 8,424,752)

62. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 61, the same as if set forth herein.

63. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

64. Defendant Mars has knowledge of its infringement of the `752 Patent, , at least as of the service of the initial complaint on February 14, 2017.

65. On information and belief, Defendant Mars has directly infringed and continues to infringe one or more claims of the `752 Patent, including (at least) Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 15, 17, 18, 23, 24, and 25 by detecting and processing Quick Response Codes ("QR codes") on printed media (*e.g.,* advertisements, packaging) associated with selected products (*e.g.,* React 2™ Gum) in a manner covered by one or more claims of the `752 Patent.    Plaintiff reserves the right to amend the asserted claims for the `752 Patent during discovery.

66. Accordingly, Defendant Mars has infringed, and continues to infringe, the Asserted Claims of the `752 Patent in violation of 35 U.S.C. § 271.

67. Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 15, 17, 18, 23, 24, and 25 of the `752 Patent are referred to herein as the Asserted claims of the `752 Patent.

68. On information and belief, Defendant Mars has, at least through internal testing, detected and processed QR codes displayed in advertisements and packaging of Selected Products.

69. One specific example of Defendant Mars' activity involves the use of QR codes in advertisements and sales of Defendant's React 2™ Gum.

70. For example, on information and belief, Defendant Mars has at least internally tested the functionality of its QR codes in connection with the advertising and packaging of its React 2™ Gum.

71. On information and belief, Defendant Mars has captured a digital image of a QR code associated with such React 2™ Gum, an example of which is shown below and may be viewed at:

   http://4.bp.blogspot.com/-UM_hsRJ3Yts/T42DPqcIr6I/AAAAAAAAACs/pW-iuBRXZZg/s1600/7.jpg



72. On information and belief, Defendant Mars induces consumers such as John Doe to detect and process QR codes imprinted on the packaging of Defendant Mars' products such as React 2™ Gum and other products sold to consumers.

73. Defendant John Doe is a direct infringer of the Asserted Claims of the `752 Patent.

74. Defendant Mars knowingly induces its customers such as John Doe to directly infringe the `752 Patent by continuing to display QR Codes on Selected Products after being served with the initial complaint in this matter.

75. Defendant Mars' specific intent to encourage others such as John Doe to infringe the `752 Patent can be inferred from Mars continuing to display QR Codes on Selected Products after being served with the initial complaint in this matter.

76. Defendant Mars' knowingly induced its customers such as John Doe and Mars' specific intent to encourage others such as John Doe to infringe the `752 Patent is also shown by Mars' "Step into the lab" invitation to customers and potential customers which is displayed adjacent to the QR Code on Selected Products.

77. Defendant Mars knew, or was willfully blind to the fact that, detecting and processing the QR Code on the Selected Products constituted infringement of the `752 Patent because Mars continued to sell and advertise its products using QR Codes even after it learned of the asserted patents and Mars' inducement of infringement when it received a copy of the initial complaint and Symbology's infringement contentions.

78. A comparison between Claim 1 of the `752 Patent illustrating the decoding and processing of the QR Codes and the subsequent display of information of Defendant Mars' React 2$^{TM}$ Gum is provided in Exhibit F and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief. Plaintiff reserves the right to amend this claim chart based on any additional information obtained.  Similar comparisons have been made between the other asserted claims of the `752 Patent and Defendant's React 2$^{TM}$ Gum process.

79. On information and belief, Defendant Mars has induced, and continues to induce infringement of the `752 Patent through its customers' actions, at least as of the service of the initial complaint on February 14, 2017.

80. The `752 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

81. By engaging in the conduct described herein, Defendants have injured Symbology Innovations and are thus liable for infringement of the `752 Patent, pursuant to 35 U.S.C. § 271.

82. Defendants have committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `752 Patent, without license or authorization.

83. As a result of Defendants' infringement of the `752 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

84. Plaintiff is in compliance with 35 U.S.C. § 287.

85. As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement up until the date that Defendants cease their infringing activities.

## COUNT THREE
### (Infringement of United States Patent No. 8,936,369)

86. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 85, the same as if set forth herein.

87. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

88. Defendant Mars has knowledge of its infringement of the `369 Patent, , at least as of the service of the initial complaint on February 14, 2017.

89. On information and belief, Defendant Mars has directly infringed and continues to infringe one or more claims of the `369 Patent, including (at least) Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 15, 17, 18, 23, 24, and 25 by detecting and processing Quick Response Codes ("QR codes") on printed media (*e.g.*, advertisements, packaging) associated with selected products (*e.g.*, React 2$^{TM}$ Gum) in a manner covered by one or more claims of the `369 Patent.    Plaintiff reserves the right to amend the asserted claims for the `369 Patent during discovery.

90. Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 15, 17, 18, 23, 24, and 25 of the `369 Patent are referred to herein as the Asserted claims of the `369 Patent.

91. Accordingly, Defendant Mars has infringed, and continues to infringe, the Asserted Claims of the `369 Patent in violation of 35 U.S.C. § 271.

92. On information and belief, Defendant Mars has, at least through internal testing, detected and processed QR codes displayed in advertisements and packaging of Selected Products.

93. One specific example of Defendant Mars' activity involves the use of QR codes in Internet advertisements and sales of Defendant Mars' React 2$^{TM}$ Gum.

94. For example, on information and belief, Defendant Mars has at least internally tested the functionality of its QR codes in connection with the advertising and packaging of its React 2$^{TM}$ Gum.

95. On information and belief, Defendant Mars has captured a digital image of a QR code associated with such React 2$^{TM}$ Gum, an example of which is shown below and may be viewed at:

http://4.bp.blogspot.com/-UM_hsRJ3Yts/T42DPqcIr6I/AAAAAAAAACs/pW-iuBRXZZg/s1600/7.jpg



96. On information and belief, Defendant Mars induces consumers such as John Doe to detect and process QR codes imprinted on the packaging of Defendant Mars' products such as React 2$^{TM}$ Gum and other products sold to consumers.

97. Defendant John Doe is a direct infringer of the Asserted Claims of the `369 Patent.

98. Defendant Mars knowingly induces its customers such as John Doe to directly infringe the `369 Patent by continuing to display QR Codes on Selected Products after being served with the initial complaint in this matter.

99. Defendant Mars' specific intent to encourage others such as John Doe to infringe the `369 Patent can be inferred from Mars continuing to display QR Codes on Selected Products after being served with the initial complaint in this matter.

100.    Defendant Mars' knowingly induced its customers such as John Doe and Mars' specific intent to encourage others such as John Doe to infringe the `369 Patent is also shown by Mars' "Step into the lab" invitation to customers and potential customers which is displayed adjacent to the QR Code on Selected Products.

101.    Defendant Mars knew, or was willfully blind to the fact that, detecting and processing the QR Code on the Selected Products constituted infringement of the `369 Patent because Mars continued to sell and advertise its products using QR Codes even after it learned of the asserted patents and Mars' inducement of infringement when it received a copy of the initial complaint and Symbology's infringement contentions.

102.    A comparison between Claim 1 of the `369 Patent illustrating the decoding and processing of the QR Codes and the subsequent display of information of Defendant Mars' React 2$^{TM}$ Gum is provided in Exhibit G and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief. Plaintiff reserves the right to amend this claim chart based on any additional information obtained.  Similar comparisons have been made between the other asserted claims of the `369 Patent and Defendant Mars' React 2$^{TM}$ Gum process.

103.    On information and belief, Defendant Mars has induced, and continues to induce infringement of the `369 Patent through its customers' actions, at least as of the service of the initial complaint on February 14, 2017.

104.    The `369 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

105.    By engaging in the conduct described herein, Defendants have injured Symbology Innovations and are thus liable for infringement of the `369 Patent, pursuant to 35 U.S.C. § 271.

106.    Defendants have committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `369 Patent, without license or authorization.

107.    As a result of Defendants' infringement of the `369 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

108.    Plaintiff is in compliance with 35 U.S.C. § 287.

109.    As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement up until the date that Defendants cease their infringing activities.

## COUNT FOUR
### (Infringement of United States Patent No. 8,936,190)

110.    Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 109, the same as if set forth herein.

111.    This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

112.    Defendant Mars has knowledge of its infringement of the `190 Patent, at least as of the service of the initial complaint on February 14, 2017.

113.    On information and belief, Defendant Mars has directly infringed and continues to infringe one or more claims of the `190 Patent, including (at least) Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 15, 17, 18, and 20 by detecting and processing Quick Response Codes ("QR codes") on printed media (*e.g.,* advertisements, packaging) associated with selected products (*e.g.,* React 2$^{TM}$

Gum) in a manner covered by one or more claims of the `190 Patent.  Plaintiff reserves the right to amend the asserted claims for the `190 Patent during discovery.

114.    Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 15, 17, 18, and 20 of the `190 Patent are referred to herein as the Asserted claims of the `190 Patent.

115.    Accordingly, Defendant Mars has infringed, and continues to infringe, the Asserted Claims of the `190 Patent in violation of 35 U.S.C. § 271.

116.    On information and belief, Defendant Mars has, at least through internal testing, detected and processed QR codes displayed in advertisements and packaging of Selected Products.

117.    One specific example of Defendant Mars' activity involves the use of QR codes in advertisements and sales of Defendant Mars' React 2$^{TM}$ Gum.

118.    For example, on information and belief, Defendant Mars has at least internally tested the functionality of its QR codes in connection with the advertising and packaging of its React 2$^{TM}$ Gum.

119.    On information and belief, Defendant Mars has captured a digital image of a QR code associated with such React 2$^{TM}$ Gum, an example of which is shown below and may be viewed at:

http://4.bp.blogspot.com/-UM_hsRJ3Yts/T42DPqcIr6I/AAAAAAAAACs/pW-iuBRXZZg/s1600/7.jpg



120.    On information and belief, Defendant Mars induces consumers such as John Doe to detect and process QR codes imprinted on the packaging of Defendant Mars' products such as React 2™ Gum and other products sold to consumers.

121.    Defendant John Doe is a direct infringer of the Asserted Claims of the `190 Patent.

122.    Defendant Mars knowingly induces its customers such as John Doe to directly infringe the `190 Patent by continuing to display QR Codes on Selected Products after being served with the initial complaint in this matter.

123.    Defendant Mars' specific intent to encourage others such as John Doe to infringe the `190 Patent can be inferred from Mars continuing to display QR Codes on Selected Products after being served with the initial complaint in this matter.

124.    Defendant Mars' knowingly induced its customers such as John Doe and Mars' specific intent to encourage others such as John Doe to infringe the `190 Patent is also shown by Mars' "Step into the lab" invitation to customers and potential customers which is displayed adjacent to the QR Code on Selected Products.

125.    Defendant Mars knew, or was willfully blind to the fact that, detecting and processing the QR Code on the Selected Products constituted infringement of the `190 Patent because Mars continued to sell and advertise its products using QR Codes even after it learned of the asserted patents and Mars' inducement of infringement when it received a copy of the initial complaint and Symbology's infringement contentions.

126.    A comparison between Claim 1 of the `190 Patent illustrating the decoding and processing of the QR Codes and the subsequent display of information of Defendant Mars' React 2™ Gum is provided in Exhibit H and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief. Plaintiff reserves the right to amend this claim chart based on any additional information obtained.  Similar comparisons have been made between the other asserted claims of the `190 Patent and Defendant Mars' React 2™ Gum process.

127.    On information and belief, Defendant Mars has induced, and continues to induce infringement of the `190 Patent through its customers' actions, at least as of the service of the initial complaint on February 14, 2017.

128.    The `190 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

129.    By engaging in the conduct described herein, Defendants have injured Symbology Innovations and are thus liable for infringement of the `190 Patent, pursuant to 35 U.S.C. § 271.

130.    Defendants have committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `190 Patent, without license or authorization.

131.    As a result of Defendants' infringement of the `190 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

132.    Plaintiff is in compliance with 35 U.S.C. § 287.

133.    As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement up until the date that Defendants cease their infringing activities.

## DEMAND FOR JURY TRIAL

134.    Symbology Innovations, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Symbology Innovations respectfully requests that this Court provide it the following relief:

A.    ENTER judgment for Symbology Innovations on this Complaint on all causes of action asserted herein;

B.    AWARD Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

C.    AWARD Plaintiff its reasonable attorney fees incurred in this matter; and

D.    AWARD Plaintiff pre-judgement and post-judgment interests and costs; and

E.    AWARD Plaintiff such further relief to which the Court finds Plaintiff entitled

under law or equity.

DATED April 20, 2017.                    Respectfully submitted,

                                         By:  ___/s/ Steven War_____
                                         Steven War (VSB # 45048)

                                         **McNeely, Hare & War LLP**
                                         5335 Wisconsin Ave, NW, Suite 440
                                         Washington, DC  20015
                                         Tel: (202) 536-5877
                                         Fax: (202) 478-1813
                                         e-mail: steve@miplaw.com

                                         *ATTORNEY FOR PLAINTIFF Symbology*
                                         *Innovations*